IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION—IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PETER GRIFFIN, AS THE OWNER OF A 2022 KEY WEST 239 FS, HULL IDENTIFICATION NUMBER KWEEF560E222, MARYLAND VESSEL NUMBER MD1010CU, FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | Case No. _____ |

## COMPLAINT IN ADMIRALTY FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY

NOW COMES Limitation Plaintiff Peter Griffin (hereinafter, the "Limitation Plaintiff"), as the owner of a 2022 Key West 239 FS (Hull Identification Number: KWEEF560E222; Maryland Vessel Number: MD1010CU) (hereinafter, the "Limitation Vessel"), by and through counsel, in this action for exoneration from, or limitation of, liability arising from an allision that occurred on June 1, 2024, on the Tred Avon River located in Talbot County, Maryland (hereinafter, the "Incident"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought before this Court pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3. Venue is proper in this Court pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure

1

(hereinafter, the "Supplemental Admiralty Rules"), as the Limitation Vessel has not been attached or arrested under the Supplemental Admiralty Rules, no suit has been commenced against Limitation Plaintiff, and the Limitation Vessel is currently located within this District.

4. The Incident occurred on June 1, 2024, therefore, there are no written notices of potential claims made more than six months prior to the filing of this Complaint.

**LIMITATION PLAINTIFF AND THE LIMITATION VESSEL**

5. At all material times, Limitation Plaintiff was and is a legal Maryland resident, residing in Easton, Maryland.

6. The Limitation Vessel is a 2022 Key West 239 FS (Hull Identification Number: KWEEF560E222; Maryland Vessel Number: MD1010CU), purchased by Limitation Plaintiff in 2022.

7. At all material times, Limitation Plaintiff was and is the sole owner of the Limitation Vessel.

8. The Limitation Vessel is currently located within the District of Maryland, Northern Division.

**THE INCIDENT**

9. On June 1, 2024, Limitation Plaintiff's adult son, Flynn Griffin, and three adult guests, Cameron Foster, Jack Gerhart, and William Dahlen, were aboard the Limitation Vessel, traveling on the Tred Avon River located in Talbot County, Maryland (hereinafter, the "Voyage").

10. During the Voyage, the Limitation Vessel allided with riprap which was connected to and protected a residential parcel of land (hereinafter, the "Incident"). The Incident

caused damage to the Limitation Vessel and injuries to Flynn Griffin, Cameron Foster, Jack Gerhart, and William Dahlen.

11. Limitation Plaintiff was not aboard the Limitation Vessel during the Voyage, nor did he witness the Incident.

12. The estimated value of the Limitation Vessel immediately after the Incident is no more than SEVENTEEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($17,500.00) (U.S.). Derek Rhymes, a Certified Marine Surveyor (CMS) and Accredited Marine Surveyor (AMS), inspected, researched, and surveyed the Limitation Vessel. His affidavit concerning the fair market value of the Limitation Vessel immediately after the Incident is attached to this Complaint as its **Exhibit 1**.

13. The Limitation Vessel had no pending freight at the time of the Incident.

14. The Tred Avon River connects, unimpeded, to the Choptank River, and the Choptank River connects, unimpeded, to the Chesapeake Bay. As a result, the waters of the Tred Avon River are a navigable waterway of the United States subject to federal admiralty jurisdiction.

15. The Incident occurred on the navigable waters of the United States. The Incident had the potential to have a disruptive impact on maritime commerce. Such personal injuries may, *inter alia*, obstruct the navigable waterway or require rescue efforts that disrupt maritime commerce.

16. The navigation of a recreational motor vessel on a navigable waterway is a traditional maritime activity.

**LIMITATION PLAINTIFF'S CLAIM FOR EXONERATION OR LIMITATION**

17. Limitation Plaintiff has filed this Complaint for Exoneration from, or Limitation of, Liability, pursuant to 46 U.S.C. §§ 30501—30512.

18. Subject to the appraisal of his interest in the Limitation Vessel, Limitation Plaintiff is submitting a Letter of Undertaking to this Court, as security for the benefits of potential claimants, in the sum of SEVENTEEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($17,500.00) (U.S.) (hereinafter, the "*Ad Interim* Stipulation"), plus interest at six percent (6%) per annum from the date of said *Ad Interim* Stipulation.

19. Limitation Plaintiff is also depositing with this Court, coincident with the filing of this Complaint, a Stipulation for Costs in the sum of ONE THOUSAND AND 00/100 DOLLARS ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

20. At all material times prior to the Incident, the Limitation Vessel was sound, seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose.

21. The Incident was occasioned and incurred without the Limitation Plaintiff's privity or knowledge.

22. Limitation Plaintiff claims the benefit of the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any property loss, property damage, or personal injury arising out of the Incident.

23. The Incident and all injuries and damages caused thereby or otherwise incurred during or arising from the Incident were not due to any fault, negligence, or lack of due care on

the part of Limitation Plaintiff or the Limitation Vessel, nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel.

24. Limitation Plaintiff contests liability and the liability of the Limitation Vessel for any injuries, losses, or damages occasioned or incurred during or arising from the Incident and has valid defenses thereto based upon the facts and law.

25. Although filing the *Ad Interim* Stipulation for Value herein, Limitation Plaintiff expressly denies that he or the Limitation Vessel is liable for any loss or damage. Limitation Plaintiff hereby claims and reserves the right to contest in this Court, or any other court, any claim of liability against either himself or the Limitation Vessel.

WHEREFORE, Limitation Plaintiff prays that this Honorable Court will:

1. Enter an Order approving the above-described *Ad Interim* Stipulation for Value, in the amount of SEVENTEEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($17,500.00) (U.S.), for which Limitation Plaintiff deposits a Letter of Undertaking executed by Progressive Specialty Insurance Company as security for the total value of his post-casualty interest in the Limitation Vessel, and also approving the Stipulation for Costs in the amount of ONE THOUSAND AND 00/100 DOLLARS ($1,000.00) (U.S.);

2. Issue a Notice to all persons asserting claims, with respect to which the Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on counsel for Limitation Plaintiff a copy thereof and an answer to this Complaint, unless the claim includes an answer so designated, on or before a date to be fixed by the Court;

3. Issue an injunction restraining and enjoining the prosecution of any and all suits, actions, or proceedings already commenced or to be commenced and the commencement and

prosecution thereafter of any and all suits, actions, or proceedings of any nature or description in any jurisdiction against Limitation Plaintiff as aforesaid or against the Limitation Vessel or any other property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during or by the Incident;

4. Enter judgment in favor of Limitation Plaintiff exonerating him from any loss, damage, injury, or liability for any claims in any way arising out of or resulting from the Incident;

5. If Limitation Plaintiff shall be judged liable and if he is found to have any interest remaining in the Limitation Vessel, limit his liability to the value of such interest; and

6. Afford to Limitation Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 13, 2024

Respectfully submitted,

PETER GRIFFIN

By: /s/ *Michael D. Collett*
Michael D. Collett | Fed No. 31066
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
mcollett@wilsav.com

*Counsel for Limitation Plaintiff*